UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| JOHN WALLACE, ) | |
| Institutional ID No. 1621931, ) | |
| SID No. 4815496, ) | |
| Previous TDCJ No. 1367269, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CIVIL ACTION NO. |
| ) | 5:15-CV-168-BG |
| ROBERT VILLAPONDO, ) | ECF |
| Captain of Corrections, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>ORDER OF DISMISSAL</u>**

Proceeding *pro se*, Plaintiff John Patrick Wallace filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights during his incarceration at the John T. Montford Unit (Montford Unit) of the Texas Department of Criminal Justice (TDCJ). Wallace asserts that prison officials at the Montford Unit failed to protect him against other high risk inmates and denied him appropriate medical care. He seeks monetary damages and injunctive relief.

Wallace filed his Complaint on July 17, 2015, and the United States District Court subsequently transferred this case to the undersigned United States Magistrate Judge for further proceedings. The undersigned thereafter reviewed Wallace's Complaint and the documents attached to his Complaint and entered an order to complete a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976), which Wallace completed and returned (ECF No. 16.)

Wallace consented to proceed before the undersigned magistrate judge. After considering the applicable law, authenticated records from TDCJ, and Wallace's allegations and his responses to the questionnaire, the court has determined that the claims in this action must be dismissed

pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## Discussion

Wallace's claims are subject to preliminary screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), which provides for dismissal of a claim brought by a prisoner against a governmental entity or officer before service of process if the court finds that: (1) the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacking an arguable basis in fact rests upon clearly baseless factual contentions, while a complaint lacking an arguable basis in law rests upon indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (noting responses given to a questionnaire are incorporated into the plaintiff's pleadings).

### A. Failure to Protect

Wallace alleges that Robert Villapondo, Captain of Corrections, Sergeant Modrano, and Marilyn Nobles housed him with high risk inmates which led to permanent injury in violation of his Eighth Amendment rights. Compl., at 3. He specifically claims that he was housed with inmates who posed a high risk to themselves as well as others. Questionnaire, at 3.

Under the Eighth Amendment to the United States Constitution, prison officials have a duty to protect inmates from violence perpetrated by other inmates. *Farmer v. Brennan*, 511 U.S.

2

825, 833 (1994); *Horton v. Cockrell*, 70 F.3d 397, 400–02 (5th Cir. 1995). To prevail on a failure to protect claim, a prisoner must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (quoting *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998)).

In this case, Wallace has not alleged that he has suffered actual violence at the hands of another inmate while incarcerated at the Montford Unit. Rather, he alleges that he was housed with certain high risk inmates—Willie Clay, Derek Clardy,[1] and Charlie Mayberry—who posed a risk to themselves and others. Questionnaire, at 3. Nor do the medical records reflect that Wallace reported any injuries as a result of being housed with alleged high risk inmates. Wallace made numerous sick calls and visits to the medical department, but he did not mention suffering from any injuries or ailments as a result of other inmates. Without a showing of physical injury, a prisoner cannot prevail on a failure to protect claim. *See* 42 U.S.C. § 1997(e); *Jones*, 188 F.3d at 326 (holding that without an allegation of physical injury, inmate's Eighth Amendment failure to protect claim was barred).

Nor has Wallace shown that Montford officials "knowingly and unreasonably disregard[ed] an objectively intolerable risk of harm." *Farmer*, 511 U.S. at 846. In April 2014, Wallace reported to Montford officials that Darris Clardy—who was cellmates with Wallace for approximately three days—had stolen some of his commissary and "insinuated threats." However, Wallace also refused to allow Clardy back into the cell and threatened to harm Clardy. As a result

---

[1] In the answers to the questionnaire, Wallace reports feeling threatened by a "Derek Clardy." However, the authenticated records make reference to a "Darris Clardy." Accordingly, all future references in this order will be to Darris Clardy.

of the incident, Wallace was charged with a disciplinary infraction for threatening to inflict harm on Clardy. Wallace later filed Step 1 and Step 2 grievances in which he appealed his disciplinary conviction. In the grievances, he alleged that he had been denied the right to file a formal Offender Protection Investigation (OPI), but Montford officials found that the disciplinary charge was appropriate for the offense, an OPI was not warranted based on the allegations, and Wallace's appeal was denied. The records show that Montford officials investigated Wallace's complaints against Clardy and took reasonable steps to determine whether Clardy posed a threat to Wallace. The authenticated records do not indicate that Wallace ever reported to Montford officials that he felt threatened by Willie Clay or Charlie Mayberry.[2] Thus, the records indicate that Montford officials reasonably responded to Wallace's complaints and did not act with deliberate indifference.

Based on the foregoing reasons, Wallace has failed to state an Eighth Amendment claim for failure to protect and his claim must be dismissed.

B. **Deliberate Indifference to Serious Medical Needs**

Wallace alleges that Montford officials failed to properly treat an injury to his right foot, which has resulted in continued pain and suffering. He requests that he be provided with an elective surgical procedure to correct his foot, protein supplements, and physical therapy. He also requests that certain Defendants be terminated and that the Montford Unit hire trained staff.

Under the Eighth Amendment, prison officials have a duty to provide adequate medical care. *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013) (quoting *Farmer*, 511 U.S. at

---

[2] Wallace did report to Montford officials that he felt threatened by other inmates on various occasions. The threats that Wallace did report were investigated by the Safe Prisons Office and/or Montford officials. *See Wallace v. Mark Roth, et al.*, 5:15-CV-105-BG, Order of Dismissal ECF No. 32).

4

832). To allege a constitutional violation, an inmate must show that prison officials were deliberately indifferent to his serious medical needs, resulting in an unnecessary and wanton infliction of pain. *Id*. Disagreement with medical treatment does not rise to the level of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Wallace has not made such a showing. To the contrary, the record shows that Montford officials timely responded to Wallace's complaints of foot pain. In his Complaint and in his responses to the questionnaire, Wallace agreed that he was provided medical treatment on several occasions and provided various remedies for his foot pain. The authenticated medical records likewise show that Montford officials treated Wallace's foot on numerous occasions.

Wallace reported breaking a toe on his right foot on September 11, 2014. Montford medical staff examined his foot, took an x-ray—which showed a fracture in his toe—and recommended that he buddy tape the broken toe and wear a casting shoe for one month. After the initial diagnosis, Wallace was examined several more times by medical staff for complaints of foot pain. He was prescribed Tylenol and ibuprofen to relieve pain, provided physical therapy exercises to strengthen his foot, and prescribed an ankle brace to assist with any other discomfort. On April 7, 2015, Montford medical staff examined Wallace for his continued complaints of foot pain, and the nurse reported that Wallace was able to ambulate with a steady gait and had full range of motion with his foot with no deformities, bruising, or visible injury. The nurse also explained to Wallace that an x-ray performed on March 24, 2015, showed that his foot was healed.

5

Thus, the medical records show that Montford officials responded to Wallace's complaints of foot pain and did not refuse to treat him or intentionally treat him incorrectly. Although Wallace may disagree with the treatment he has received, "the decision whether to provide additional treatment is a classic example of a matter of medical judgment." *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006). In sum, the medical records "rebut [Wallace's] allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

For the reasons stated above, Wallace's claim for deliberate indifference to serious medical needs must be dismissed.

### C. Additional Claims

Wallace asserts claims of negligence and gross negligence against the Defendants; however, such claims must be dismissed. A prisoner must establish more than mere negligence or medical malpractice to establish a § 1983 claim. *See Gobert*, 464 F.3d at 347 ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances.").

Wallace also asserts a claim of retaliation against Defendant Patricia Aristamando. He alleges that Defendant Aristamando banned him from the infirmary from September 16, 2014, through January 12, 2015 in retaliation for his mother calling the Montford Unit. The medical records show that Wallace was examined by medical staff during the dates he alleges he was banned from the infirmary. Moreover, Wallace has not alleged that he suffered any harm as a result of being allegedly banned from using the infirmary. Therefore, his claim for retaliation must be dismissed.

Finally, to the extent Wallace asserts claims against the Defendants in their official

capacities, such claims must also be dismissed. As the court has already discussed, Wallace has failed to state a claim for failure to protect, deliberate indifference to his serious medical needs, or retaliation. Thus, any claims against Defendants in their official capacities must be dismissed.

### Conclusion

For the foregoing reasons it is, therefore,

**ORDERED** that Wallace's Complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915 and 1915A. Dismissal of this action does not release Wallace or the institution where he is incarcerated from the obligation to pay the filing fee previously imposed. 28 U.S.C. § 1915(b)(1); *see also Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997). This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

Any pending motions are denied as moot.

Any appeal shall be to the Court of Appeals for the Fifth Circuit in accordance with 28 U.S.C. § 636(c)(3). Judgment shall be entered accordingly.

**SO ORDERED.**

Dated: February 25, 2016.

*/s/ Nancy M. Koenig*
NANCY M. KOENIG
United States Magistrate Judge