CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

2017 MAR -6 PM 4: 35

DEPUTY CLERK_____ CP♦

JOHN WALLACE,                          )
Institutional ID No. 1621931,          )
SID No. 4815496,                       )
Previous TDCJ No. 1367269,             )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )        CIVIL ACTION NO.
                                       )        5:15-CV-168-BQ
ROBERT VILLAPONDO,                     )        ECF
Captain of Corrections, *et al.*,      )
                                       )
            Defendants.                )

**ORDER**

On February 25, 2016, the court entered an Order of Dismissal and Final Judgment in this

action. ECF Nos. 20, 21. Plaintiff John Wallace subsequently filed a "Motion to Alter or Amend

Judgment" in accordance with Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 22),

but prior to the court ruling on the motion, Wallace moved to withdraw the motion, which the court

granted. ECF No. 32. On May 5, 2016, Wallace filed a notice of appeal in the Court of Appeals

for the Fifth Circuit appealing this court's order dismissing the action as frivolous. ECF No. 31.

The Fifth Circuit dismissed his appeal for failure to timely pay the docketing fee.[1] On February

6, 2017, Wallace filed a "Motion for Rule 60(b)," in which he requested that the court reverse its

---

[1] Wallace filed a motion for leave to proceed *in forma pauperis* (IFP) on appeal to the Fifth Circuit.
ECF No. 33. This court denied Wallace's motion for leave to proceed IFP under the "three strikes"
rule of 28 U.S.C. § 1915(g). ECF No. 35. Wallace thereafter filed a motion requesting that the
court reconsider its denial of his motion for leave to proceed IFP (ECF No. 36), which the court
denied on August 8, 2016. ECF No. 39. Wallace then filed a second motion for reconsideration
(ECF No. 41), which the court denied on August 30, 2016. ECF No. 42. In the court's August
30, 2016, order, Wallace was warned that the filing of any further frivolous motions in this case
could result in the imposition of sanctions, including monetary sanctions or a complete bar to filing
pleadings without leave of the court. *Id.* at 1–2.

order and accompanying judgment dismissing this § 1983 action. ECF No. 43. The court denied Wallace's motion on February 14, 2017, and again warned Wallace that the filing of any further frivolous motions in this case could result in the imposition of sanctions. ECF No. 44. Nevertheless, on March 2, 2017—more than one year after the court entered its order and judgment dismissing this § 1983 action as frivolous—Wallace filed yet another motion, which is now before the court, again requesting that the court vacate its judgment dismissing this case. ECF No. 45. The motion is untimely on its face, and identifies no legitimate ground or basis for relief under Rule 60(b). For reasons the court has previously set forth, the motion is hereby **DENIED**.

In addition, the court is of the opinion that sanctions are appropriate to deter Wallace's continued filing of frivolous motions.[2] *See Vinson v. Tex. Bd. of Corrs.*, 901 F.2d 474, 475 (5th Cir. 1990) (affirming district court's imposition of sanctions on a *pro se* prisoner who abused the right to proceed IFP). Frivolous filings by prisoners consume inordinate amounts of scarce judicial resources and often result in the delay of the court hearing valid complaints. *See Holloway v. Hornsby*, 23 F.3d 944, 946 (5th Cir. 1994).

It is, therefore, **ORDERED**:

(1)     Wallace's "Motion to Vacate Judgement" (ECF No. 45) is **DENIED**.

(2)     **A monetary sanction in the amount of $25.00 is assessed against Wallace.** The agency having custody over Wallace shall place a hold on Wallace's inmate trust account and shall pay the sanction when funds are available.

---

[2] The court notes that Wallace filed a prior § 1983 action alleging claims similar to the ones alleged in this action. *See Wallace v. Mark Roth et al.*, 5:15-CV-105 (Apr. 6, 2015). This court dismissed that action as frivolous on October 13, 2015. ECF Nos. 32, 33. Wallace filed a motion for reconsideration (ECF No. 34), which the court denied on April 14, 2016. ECF No. 44. Wallace then filed a notice of appeal to the Fifth Circuit (ECF No. 45); his appeal was dismissed on August 26, 2016, for failure to timely pay the filing fee. ECF No. 52. Thus, the court is very familiar with Wallace, his claims, and his numerous filings.

Wallace shall immediately execute all consents and other documents required by the agency having custody of Wallace to authorize the necessary withdrawals from Wallace's inmate trust account.

(3)     Wallace is prohibited from filing any new civil rights complaints until the sanction imposed has been paid in full.

(4)     **Wallace is barred from filing any further motions, pleadings, or other documents in this civil action, except for a notice of appeal, which must be accompanied by the appellate filing fee.** Any further motions, pleadings, or other documents submitted by Wallace for filing in this civil action will not be filed by the Clerk, will not be considered by the court, and will not be returned to Wallace.

A copy of this order shall be mailed to the inmate accounting office or other person(s) or entity with responsibility for assessing, collecting, and remitting to the court sanction payments on behalf of inmates, as designated by the facility in which Wallace is confined.

**SO ORDERED.**

Dated: March **6**, 2017

_____

**D. GORDON BRYANT, JR.**
**UNITED STATES MAGISTRATE JUDGE**